VICTORY SHIPPING CO., INC. *v.* UNITED STATES

No. 7509.—Invoice dated Perivale, England, February 28, 1946.
Certiffed February 28, 1946.
Entered at New York, N. Y., March 25, 1946.
Entry No. AD 726.

(Decided January 16, 1948)

No appearance by the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

LAWRENCE, Judge: When this appeal for reappraisement was called for hearing, there was no appearance on behalf of the appealing party.

Under rule 6 of this court, where there is no appearance in a case when it is called "it shall be deemed submitted, and shall be decided by the court on the record as it appears therein."

I have examined the record in this appeal for reappraisement and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I, therefore, find that the proper value of the merchandise is the value returned by the appraiser.

Judgment will be entered accordingly.

FRED M. REINEMAN CO., GLOBE SHIPPING CO., INC. *v.* UNITED STATES

No. 7510.—Invoice dated Walsall, England, July 9, 1946.
Certified July 10, 1946.
Entered at New York, N. Y., August 13, 1946.
Entry No. 712519.

(Decided January 16, 1948)

*John D. Rode* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.